**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Karp, a married man,<br><br>    Plaintiff,<br><br>v.<br><br>Avella of Deer Valley Incorporated, et al.,<br><br>    Defendants. | No. CV13-1885 PHX DGC<br><br>**ORDER AND PRLIMINARY INJUNCTION** |

On September 27, 2013, the Court held a hearing on Plaintiff's motion for preliminary injunction and Defendant's cross-motion. Docs. 1-6, 11. After considering testimony presented at the hearing, declarations and documents submitted by the parties, and the parties' written and oral arguments, the Court reaches the following conclusions.

Under Arizona law, "[t]he validity of a restrictive covenant is determined by its reasonableness." *Phoenix Orthopaedic Surgeons, Ltd. v. Peairs*, 790 P.2d 752, 758 (Ariz. Ct. App. 1989). A restrictive covenant is reasonable and therefore enforceable by injunction where (1) the restraint does not exceed that necessary to protect the employer's legitimate interests, (2) the restraint would not cause undue hardship to the employee, and (3) the restraint would not cause harm to the public interest. *See id*. at 757; *Valley Med. Specialists v. Farber*, 982 P.2d 1277, 1283 (Ariz. 1999) (en banc).

A preliminary injunction may be granted only where the movant shows that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is

in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, (2008); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

**I.    Likelihood of Success on the Merits.**

    **A.    The Non-solicitation Provision is Likely Unenforceable.**

The non-solicitation provision prohibits Plaintiff, for a period of 30 months, from soliciting any customer, merchant, vendor, or supplier of the Defendant. Doc. 1-4 at 7. For three reasons, the Court finds the provision likely unenforceable under Arizona law.

First, the non-solicitation provision applies to "any" customer or supplier of Defendant, whether or not Plaintiff ever did business with that customer or supplier or even worked on the category of medications the customer or supplier purchased or supplied. The provision thus prohibits Plaintiff from having contact even with customers or suppliers with whom he had no prior relationship on behalf of Defendant. Arizona courts do not enforce such provisions. *See Amex Distrib. Co. v. Mascari*, 724 P.2d 596, 603-04 (Ariz. Ct. App. 1986) (an employer can restrict a former employee's ability to service the former employer's customers only with respect to those customers to whom the employee represented the employer's good will); *see also Nouveau Riche Corp. v. Tree*, No. CV 08-1627, 2008 WL 5381513, at *5 (D. Ariz. Dec. 23, 2008) ("a non-solicitation restriction may only protect against solicitation of those individuals with whom the [d]efendants have formed a meaningful relationship").

Second, the provision contains no geographical limitation. Although this would be less problematic if the provision was limited to customers or suppliers with whom Plaintiff previously did business, it is clearly overbroad when it bars Plaintiff from contacting a customer supplier anywhere in the United States and with whom Plaintiff had no prior contact on behalf of Defendant. This is particularly true given the mail-order nature of Defendant's business and the companies with whom Plaintiff has considered employment. Mail-order customers are located nationwide, and it is not even clear Plaintiff could identify individuals potentially reached by his new employer's advertising who had a previous mail-order relationship with Defendant. This Court,

applying Arizona law, has not favored restrictive employment provisions with unlimited geographical reach. *See id.* at \*7 (finding the geographic scope of a non-compete agreement overly broad and therefore unlikely to be enforceable); *Liss v. Exel Transp. Servs., Inc.*, No. CV 04-2201, 2007 WL 891167, at \*8 (D. Ariz. Mar. 20, 2007) (finding the geographic scope of restrictive covenant overly broad and therefore unenforceable).

Third, the provision is ambiguous. It states that Plaintiff may not "solicit or take away, directly or indirectly," any customer or supplier. These words are not defined. Does taking away a customer include increasing that customer's purchases of the new employer's products and simultaneously decreasing its purchases of Defendant's products? Or does it mean that the customer must be lured away entirely from Defendant? And what does it mean to take away indirectly?

Because the non-compete provision contains no geographical limit, no limitation to customers or suppliers with whom Plaintiff had contact while employed at Defendant, and ambiguous language that could be read to prohibit a wide range of activities that may or may not be damaging to Defendant, the Court concludes that it probably is "greater than necessary to protect the employer's legitimate interest." *Valley Med. Specialists*, 982 P.2d at 1283. Under Arizona law, the provision likely is unenforceable.

Arizona law does not permit the Court to rewrite the non-solicitation provision to make it enforceable. As the Arizona Supreme Court has explained, "[a]lthough we will tolerate ignoring severable portions of a covenant to make it more reasonable, we will not permit courts to add terms or rewrite provisions." *Id.* at 1286.

**B.  Portions of the Non-compete Clause are Likely Invalid and Severable.**

Defendant presented evidence that Plaintiff acquired knowledge and experience while employed with Defendant that could be damaging to Defendant's business if shared with a competitor. Defendant presented this evidence primarily with respect to the fertility line of business and the need to develop new relationships in that business, asserting that two years is needed to make up for the loss of Plaintiff's expertise.

Plaintiff presented evidence that Defendant previously claimed to have eliminated

his position because it had other employees who could handle the fertility business effectively. Plaintiff also testified that the information needed to compete in the fertility field is not confidential. The Court concludes that Defendant is more likely to prevail on this factual dispute. The Court reaches this conclusion in part because Plaintiff willingly signed the non-compete provision with the advice of counsel, accepted a $250,000 payment from Defendant in exchange, and even discussed with Defendant's CEO the ways in which Plaintiff could earn a living if he left Defendant's employment and complied with the non-compete clause. These facts suggest that Plaintiff himself accepted the provision as a valid recognition of Defendant's protectable interest in the event Plaintiff departed.

Defendant also presented evidence that Plaintiff developed valuable expertise in the mail-order business that could be used to Defendant's detriment by a competitor. Plaintiff rebutted portions of this evidence, such as claims that constructing a mail-order facility required special expertise, but did not effectively refute Defendant's assertion that even a mail-order operation requires supplier and referring physician relationships – relationships for which Plaintiff does possess unique knowledge developed during his years at Defendant.

Under Arizona law, an employer has "a protectable interest in maintaining customer relationships when an employee leaves." *Peairs*, 790 P.2d at 758 (citation omitted). This is because an employer's clientele constitute "an asset of value which has been acquired by virtue of effort and expenditures over a period of time, and which should be protected as a form of property." *Farber*, 982 P.2d at 1284 (citation omitted). The law will protect this legitimate interest through a covenant not to compete "for as long as may be necessary to replace the employee and give the replacement a chance to show he can do the job." *Peairs*, 790 P.2d at 758 (citation omitted).

In light of the evidence presented by Defendant, the Court concludes that the 18-month period included in the non-compete provision is likely to be found reasonable at trial. The Court does not reach the same conclusion, however, with respect to the

nationwide scope of the provision. For reasons discussed above with respect to the non-solicitation provision, the Court finds it likely that such a non-compete provision will be deemed unreasonable. The same is true for the alternative provision that limits the non-compete clause to all states where Defendant has customers – given the scope of Defendant's mail-order business, this provision is also nationwide. The Court accordingly concludes that the these broad geographical provision are likely to be declared invalid and struck from the contract, leaving in place a geographical limit of all states in which Defendant and its affiliates have physical locations. Doc. 1-4 at 7. Because such locations likely would feel the effects of direct competition from a company employing Plaintiff, the Court finds that this narrower geographical scope is likely to be found reasonable. And because the broader scope sentences clearly are intended to be severable (*id.*), enforcing the narrower scope will not constitute improper rewriting of the contract. *Valley Med. Specialists*, 982 P.2d at 1286.

Nor does the Court conclude that enforcing this narrower scope will cause undue hardship to Plaintiff or be contrary to the public interest. Plaintiff left Defendant's employment some 14 months ago, and the Court cannot conclude that another four months of not working for a competitor will impose undue hardship, particularly given the $250,000 Plaintiff accepted in payment for signing the agreement.

## II.    Remaining Preliminary Injunction Factors.

The Court has found that Plaintiff is likely to prevail on the merits of his claim that the non-solicitation provision is unenforceable, and that Defendant is likely to prevail on the merits of its claim that the non-compete provision, with the narrower geographical scope, is enforceable.

The Court finds that Plaintiff has shown a likelihood of irreparable harm if application of the 30-month non-solicitation provision is not enjoined. Plaintiff has presented evidence in his verified complaint that he faces financial hardship and possible loss of his home if he is unable to find work soon. Docs. 1-2 at 20-12, 1-3 at 3.

The Court also finds that Defendant has shown a likelihood of irreparable harm if

Plaintiff is allowed to compete directly within 18 months under the narrower geographic scope. "Under Arizona law, 'once a protectable interest is established, irreparable injury is presumed to follow if the interest is not protected.'" *Compass Bank v. Hartley*, 430 F.Supp.2d 973, 983 (D. Ariz. 2006) (quoting *Peairs*, 790 P.2d at 757).

Because each party is likely to experience irreparable harm, as explained above, the Court concludes that the balance of equities favors an injunction against Defendant's enforcement of the non-solicitation agreement and the broader scope of the non-compete provision, and against Plaintiff's violation of the non-compete agreement with the narrower geographic scope. The Court also concludes that public policy favors provisions that protect legally protectable interests, like the non-compete provision with the narrower geographic scope, and favors not enforcing overly broad non-solicitation or non-compete provisions.

**IT IS ORDERED**:

1. Plaintiff's motion for a preliminary injunction (Doc. 1-6) is **granted** in the following respects: Defendant is preliminarily enjoined from enforcing the non-solicitation provision in paragraph 7(c) of the parties' contract and from enforcing the second and third sentences of the geographical scope of the non-compete provision contained in paragraph 7(e) of the contract. Plaintiff's motion is otherwise denied.

2. Defendant's cross-motion for preliminary injunction (Doc. 11) is **granted** in part as follows: Plaintiff is enjoined from violating the non-compete provision for a period of 18 months following the termination of his employment in any state where Defendant or its affiliates have physical facilities. The cross-motion is otherwise denied.

Dated this 30th day of September, 2013.

_____
David G. Campbell
United States District Judge