**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffery Karp,<br><br>                    Plaintiff,<br><br>v.<br><br>Avella of Deer Valley, Inc.,<br><br>                    Defendant. | No. CV-13-01885-PHX-DGC<br><br>**ORDER** |

Plaintiff Jeffery Karp has filed a motion to dismiss Count II of Defendant's counterclaim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 19. The motion is fully briefed and no party has requested oral argument. For the reasons that follow, the Court will deny the motion.

**I.     Background.**

Plaintiff, a doctor of Pharmacy, was employed by Defendant from January 1999 through July 2012. Doc. 1-2, ¶ 16. In early 2009, Plaintiff and Defendant executed a "Non-Compete/Non-Solicit Agreement" ("2009 Agreement") which placed restrictions on Plaintiff during and after his employment. *Id.*, ¶¶ 52-58. Defendant alleges it paid Plaintiff $250,000 as consideration for executing the 2009 Agreement and that Plaintiff would not have received this payment had he not signed the agreement. Doc. 14, ¶¶ 50, 52. Plaintiff was diagnosed with Vertebrobasilar Dolichoectasia ("VBD") in August 2011. Doc. 1-2, ¶ 30. Plaintiff was subsequently demoted in December 2011 and his salary was reduced. *Id.*, ¶ 38. Defendant then terminated Plaintiff in July 2012. *Id.* at

43. Plaintiff instituted this action seeking injunctive relief and a declaratory judgment that the restrictive covenants contained in the 2009 Agreement are unenforceable, and claiming disability discrimination and FMLA retaliation. Doc. 1-2. Defendant asserted several counterclaims, including one alleging that Plaintiff would be unjustly enriched by the $250,000 payment if he did not abide by the terms of the 2009 Agreement. Doc. 14. The Court partially granted the parties' requests for injunctive relief in a previous order. Doc. 16. Plaintiff now seeks to dismiss Defendant's unjust enrichment counterclaim.

## II. Legal Standard.

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid a Rule 12(b)(6) dismissal, the complaint must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. Analysis.

Plaintiff contends that "[d]ismissal is appropriate because the equitable doctrine of unjust enrichment may not be used to recover consideration paid for an illegal contract." Doc. 19 at 1. Plaintiff's position seems to be predicated on the assumption that the 2009 Agreement is illegal, and he cites *Hilb, Rogal & Hamilton v. Holley*, 670 S.E.2d 874, 876 (Ga. Ct. App. 2008), for the proposition that a party cannot bring an unjust enrichment

1    claim based on an illegal contract.  *Holley* was an appeal from the trial court's order
2    granting a directed verdict on the unjust enrichment claim and was supported by relevant
3    Georgia authority.  Although *Holley* may be relevant, it is not controlling here.  The only
4    Arizona case cited by Plaintiff, *Landi v. Arkules*, 835 P.2d 459, 460-61 (Ariz. Ct. App.
5    1992), dealt with a contract that was held to be contrary to public policy on a motion for
6    summary judgment.  The court there declined to allow the defendant to recover for
7    services that had been rendered under the illegal contract.  *Id.* at 468.

8    Plaintiff asks the Court to reach a similar result in the context of a motion to
9    dismiss, without a decision that the 2009 Agreement is illegal or contrary to public
10   policy.  Because Plaintiff's argument is based on a decision yet to be made, the Court
11   cannot conclude at this stage that Arizona law prohibits Defendant's claim for unjust
12   enrichment.

13   **IT IS ORDERED** that Plaintiff's motion to dismiss (Doc. 19) is **denied**.
14   Dated this 19th day of December, 2013.

David G. Campbell
United States District Judge